QUESTION: Is the tape recording of work or agenda sessions sufficient to protect the public interest when said tape recordings are maintained by the city and open to inspection by the public under AGO 074-62?
SUMMARY: Sound or tape recorders may be used to record all of the proceedings before a public body so long as written minutes of such meetings are promptly recorded for public inspection as required by s. 286.011, F.S., and the written minutes and tape or sound recordings are preserved in compliance with the provisions of s. 267.051, F.S. According to your letter, the City of Venice has adopted a procedure over the years of conducting a workshop or agenda review session on the afternoon preceding the regular council meeting. Under the city's rules and regulations, all petitions and communications must be submitted to the city prior to the work session, and it is the purpose of this session to discuss various items that will be voted upon at the regular meeting the next evening. These work sessions are always open to the public and the press. Tape recordings are made of work sessions, are kept on file at city hall, and are available to the public at any time. However, no written minutes of such meetings are prepared. The Sunshine Law, s. 286.011, F.S., requires that: ". . . minutes of a meeting of any such board or commission . . . shall be promptly recorded and such records shall be open to public inspection." If any meeting of any board or commission falls within the ambit of the Sunshine Law, that law requires said board or commission to make minutes of the proceedings before it which shall be promptly recorded. However, this does not prohibit the use of sound or tape recordings from which written minutes shall be transcribed. With the development of modern electronic technology, it is no longer necessary that all of the proceedings before a public body be stenographically recorded. The use of tape recorders and sound recorders in public meetings serves the same purpose as stenographic transcripts — to provide the public with an accurate and complete account of events which transpire at public meetings. This important purpose and function is not frustrated or circumvented in any way by the use of such devices. Accordingly, I am of the view that sound recorders may be used to record public meetings in toto so long as the written minutes of such meetings are promptly recorded for public inspection as required by s. 286.011, F.S., and the written minutes and tape or sound recordings are preserved, retained, and disposed of in compliance with the provisions of s. 267.051, F.S. The use of electronic technology to record public events is increasing rapidly, primarily because of its lower cost and unquestionable accuracy. For example, in a recent action an appellate court ordered a trial court to allow the taking of a deposition "by other than stenographic means." Colonial Times, Inc. v. Gasch, !mLN!x F.2d !mLN!x, 43 U.S.L.W. 2286 (D.C. Cir., filed January 3, 1975). Electronic devices have been used by some courts to make a record of the judicial proceedings. See Benowitz, Legal Applications of Video Tape, 48 Fla. Bar Jr. 86 (1974). Additionally, it is now common for legislative hearings to be recorded and video taped for public inspection and broadcasting. LeRoy, Wotring Lyle, Today in the Legislature — The Florida Story, 24 J. Communication 92 (1974). While at one time it was probably accurate to require that all records of a public meeting be limited to writings which would serve as a memorial of what was said or done, this is not the case today. With the enactment of s.119.011(1), F.S., the Legislature specifically recognized that tapes, films, and sound recordings are public records, and the definition of public record was no longer limited to information reduced to writing.